**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAYNE THOMAS,<br>an individual, | ) ) | |
| | ) | Case No.:    4:17-cv-00154 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SPG HOUSTON HOLDINGS, L.P., | ) | |
| a Texas Limited Partnership, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this Complaint and sues SPG HOUSTON HOLDINGS, L.P., a Texas Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq*., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res. Code Ann. § 121.001 *et seq.*  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Harris County, Texas.

3.      Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or

"Plaintiff"), is a resident of the State of Texas in Harris County.

4.      MR. THOMAS is a qualified individual with a disability under the ADA.  MR. THOMAS is paralyzed from the waist down.   MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6.      Defendant, SPG HOUSTON HOLDINGS, L.P., a Texas Limited Partnership (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Houston Premium Outlets, generally located at 29300 Northwest Fwy, TX 77433.

7.      All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.      The Property, a racing and entertainment facility, is open to the public and provides goods and services to the public.

10.      Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

11.      During his visit, MR. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

2

12.     MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

A.     Plaintiff observed and/or encountered inaccessible parking designated for disabled use due to excessive slopes;

B.     Plaintiff observed and/or encountered inaccessible routes throughout the Property due to excessive cross slopes, especially near Banana Republic and Janie and Jack;

C.     Plaintiff observed and/or encountered inaccessible routes throughout the Property due to lack of level landings at tenant entrances; and

D.     Plaintiff observed inaccessible service counters due to excessive height at numerous tenants, including Brooks Bothers, Kenneth Cole, Crepes and Waffles, PacSun, and Theory.

14.     Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

15.     To date, the readily achievable barriers and other violations of the ADA still exist

and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

20.     Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

21.     Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

22.     Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the

4

Texas Civil Statues, which is identical to the ADAAG.

23.     Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of at least $100.00 to the person with a disability.

24.     Defendant's barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just

       and proper.

F.     That this Court issue a Declaratory Judgment that the Defendant has

       violated the Chapter 121 of the Texas Human Resources Code.

G.     That this Court orders the Defendant to alter the aforesaid premises to make

       such facilities accessible to and usable by individuals with disabilities to the

       extent required by the Chapter 121 of the Texas Human Resources Code.

H.     That this Court award Plaintiff Statutory damages from the Defendant

       pursuant to Chapter 121 of the Texas Human Resource Code.

I.     That this Court award Plaintiff such other additional and proper relief as

       may be just and equitable.

                        By:   _*/s/ Louis I. Mussman*_____
                              Louis I. Mussman
                              Attorney-in-charge
                              Florida Bar No. 597155
                              S.D. TX No. 2274288
                              Ku & Mussman, P.A.
                              6001 NW 153rd Street, Suite 100
                              Miami Lakes, FL 33014
                              Tel: (305) 891-1322
                              Fax: (305) 891-4512
                              Louis@KuMussman.com

                              and

                              Seth P. Crosland
                              Local Counsel
                              Texas Bar No.: 24069551
                              S.D. TX No. 1504456
                              Brandy Austin Law Firm, PLLC
                              2404 Roosevelt Drive
                              Arlington, Texas 76016
                              Tel: (817) 841-9906
                              Fax: (817) 484-0280

seth@brandyaustinlaw.com
*Attorneys for Plaintiff*